NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0684-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOSEPH FONTANEZ, a/k/a
MICHAEL FANTANEZ, DAVID FONTANEZ,
JOEJOE FONTANEZ, JO-JO FONTANEZ,
JOJO FONTANEZ and
JOSEPH M. FONTANEZ,

 Defendant-Appellant.

_____________________________

 Submitted April 26, 2017 – Decided August 25, 2017

 Before Judges Carroll and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Cape May County,
 Indictment Nos. 09-06-0493 and 12-05-0329.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Rasheedah R. Terry, Designated
 Counsel, on the brief).

 Robert L. Taylor, Cape May County Prosecutor,
 attorney for respondent (Gretchen A.
 Pickering, Assistant Prosecutor, of counsel
 and on the brief).

PER CURIAM
 Defendant appeals from the July 8, 2015 order of the trial

court denying his petition for post-conviction (PCR) relief

without granting an evidentiary hearing. We affirm but remand for

resentencing.

 Defendant was charged in Indictment No. 09-06-0493 with

third-degree possession with intent to distribute a controlled

dangerous substance (CDS), alprazolam, commonly known as Xanax,

N.J.S.A. 2C:35-5(a)(1) (count one).1 Defendant was also charged

in Indictment No. 09-10-0798 with fourth-degree resisting arrest,

N.J.S.A. 2C:29-2 (count one); third-degree possession of CDS,

heroin, N.J.S.A. 2C:35-10(a)(1) (count two); fourth-degree

hindering apprehension, N.J.S.A. 2C:29-3(b)(1) (count three);

third-degree resisting arrest, N.J.S.A. 2C:29-2 (count four); and

third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5) (count

five).

 On January 28, 2010, with the assistance of his first plea

counsel, defendant pled guilty to Indictment No. 09-06-0493 and

counts three and five of Indictment No. 09-10-0798. In exchange,

the State agreed to recommend the dismissal of the remaining counts

of Indictment No. 09-10-0798. The State also agreed to recommend

1
 Defendant's girlfriend was charged in count two of the same
indictment with third-degree possession of CDS, buprenorphine HCL,
N.J.S.A. 2C:35-10(a)(1).

 2 A-0684-15T4
a four-year term of imprisonment on count five of Indictment No.

09-10-0798, a consecutive eighteen-month term on count three of

Indictment No. 09-10-0798, and a concurrent four-year term on

Indictment No. 09-06-0493.2 The court accepted defendant's guilty

plea after ensuring compliance with Rule 3:9-2. On April 16,

2010, defendant was sentenced in accordance with the plea agreement

to an aggregate term of five-and-a-half years.

 Subsequently, Indictment No. 09-10-0798 was dismissed with

prejudice on the State's motion as a result of "record-keeping"

irregularities by the arresting officer, Detective Christopher

Lambert. The County Prosecutor's Office determined that Detective

Lambert had violated protocol in connection with the recording of

information related to confidential informants. Following the

Office's review of those cases, the related charges were dismissed.

Although Detective Lambert was involved in both of defendant's

cases, it was determined that the "record-keeping" irregularities

only impacted Indictment No. 09-10-0798.

 On August 25, 2011, with the State's consent, defendant

successfully moved to withdraw his guilty plea to Indictment No.

2
 The State also agreed to defendant's release from jail until
sentencing with the condition that if defendant failed to appear
for sentencing, the State would be free to seek an extended term
sentence pursuant to N.J.S.A. 2C:44-3.

 3 A-0684-15T4
09-06-0493 on the ground that he would have gone to trial rather

than plead guilty had he not been facing two indictments. With

the assistance of his second plea counsel, on October 20, 2011,

pursuant to a new plea agreement, defendant again pled guilty to

Indictment No. 09-06-0493 after it was reinstated. During the

plea allocution, defendant again admitted to unlawfully possessing

six Xanax pills in his girlfriend's apartment, which he intended

to sell. After ensuring compliance with Rule 3:9-2, the court

accepted defendant's guilty plea. On November 18, 2011, in

accordance with the plea agreement, defendant received a two-year

suspended sentence, N.J.S.A. 2C:43-2(b), with jail credits for 585

days spent in custody.

 The following year, defendant was charged in a twenty-count

indictment, Indictment No. 12-05-0329, with first-degree

kidnapping, N.J.S.A. 2C:13-1(a) (counts one and two); first-degree

robbery, N.J.S.A. 2C:15-1 (counts three and four); second-degree

aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts five and six);

second-degree burglary, N.J.S.A. 2C:18-2 (counts seven and eight);

third-degree theft, N.J.S.A. 2C:20-3 (counts nine, ten and

eleven); third-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1)

(count twelve); second-degree possession of a weapon for an

unlawful purpose, N.J.S.A. 2C:39-4(a) (count thirteen); second-

degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)

 4 A-0684-15T4
(counts fourteen, fifteen and sixteen); second-degree conspiracy,

N.J.S.A. 2C:5-2 and 2C:15-1 (count seventeen); and second-degree

certain persons not to have weapons, N.J.S.A. 2C:39-7 (counts

eighteen, nineteen and twenty).

 On July 31, 2014, with the assistance of his third plea

counsel, defendant pled guilty to count four as amended to second-

degree robbery.3 In exchange, the State agreed to recommend an

eight-year term of imprisonment, subject to the No Early Release

Act (NERA), N.J.S.A. 2C:43-7.2, and a concurrent sentence on

Indictment No. 09-06-0493. On September 5, 2014, defendant was

sentenced in accordance with the plea agreement. On Indictment

No. 09-06-0493, his suspended sentence was revoked and a concurrent

two-year prison sentence was imposed.

 On December 18, 2014, defendant filed a timely petition for

PCR alleging that he was denied effective assistance of counsel

in connection with Indictment No. 09-06-0493 because he was

"misinformed" about the status of Detective Lambert and "forced

. . . to take probation" by his attorney. According to defendant,

Detective Lambert "was a corrupt cop . . . who was demoted,

3
 At the plea allocution, defendant admitted threatening the use
of force to rob the victim during a home invasion with three co-
defendants. Defendant does not challenge the resolution of this
case in this appeal.

 5 A-0684-15T4
suspended and now fired because he was doing illegal activities[.]"

Defendant asserted that his attorney was ineffective because he

failed to further explore or investigate Detective Lambert's

misconduct before urging him to plead guilty. Defendant was

assigned PCR counsel who filed an amended petition, an accompanying

brief, and two supporting certifications——an unsigned and undated

certification by defendant4 and a certification by defendant's

girlfriend dated April 28, 2015.

 In the amended petition, defendant sought to have the

conviction and sentence imposed on Indictment No. 09-06-0493 set

aside and the matter set down for trial. Defendant asserted that

his plea counsels were ineffective because they failed to file

appropriate motions, specifically, a motion to suppress evidence

obtained as a result of an illegal search and a motion to exclude

statements made by defendant as a result of an unlawful

interrogation. Defendant also asserted that his attorneys were

ineffective for failing to file a motion to withdraw his guilty

4
 At the PCR hearing, PCR counsel explained that in the course of
assembling the brief, an unsigned copy of defendant's
certification was inadvertently submitted. Although PCR counsel
presented a signed copy of the certification to the PCR court, the
unsigned and undated copy was submitted with this appeal.

 6 A-0684-15T4
plea5 to Indictment No. 09-06-0493 and to obtain all jail credits

to which he was entitled.

 In the certifications, defendant and his girlfriend certified

that the CDS was seized from his girlfriend's apartment by

Detective Lambert who unlawfully entered and searched the

apartment while they were in the shower together. They averred

that after the search, Detective Lambert coerced his girlfriend

to sign a consent to search form or be charged. Defendant

certified further that Detective Lambert obtained a statement from

him at the apartment while he was "in custody, under the influence"

and not advised of his "constitutional rights."

 According to defendant, although he asked his attorneys to

file the requisite motions, his first plea counsel "declined to

file the appropriate motions, opting instead to pursue a

comprehensive plea bargain that would have disposed of Indictment

No. 09-06-0493 and Indictment [No.] 09-10-0798" and his second

plea counsel "was not willing to file the motions and advised that

the plea bargain was the best result [he] could obtain." In

addition, defendant averred that his third plea counsel was

ineffective because he failed to "secure an amendment to the

5
 Because defendant's first guilty plea was successfully vacated,
this assertion would only pertain to defendant's second guilty
plea to Indictment No. 09-06-0493.

 7 A-0684-15T4
[j]udgment of [c]onviction [JOC] that would have reflected the

court's determination" that he was entitled to 2373 days of jail

credit, rather than the 883 days reflected on the JOC.6

 Contrary to the certifications, Detective Lambert reported

in his police report that he went to defendant's girlfriend's

apartment where he believed defendant was staying in order to

execute outstanding bench warrants against defendant. According

to Detective Lambert, defendant's girlfriend voluntarily signed a

consent to search form authorizing him to search the apartment

resulting in the seizure of the six Xanax pills.

 On June 30, 2015, following oral argument, Judge Patricia M.

Wild rejected defendant's claims and denied his petition for PCR

without an evidentiary hearing in a comprehensive oral decision

from the bench. Judge Wild determined that defendant "fail[ed]

to establish that there [was] a reasonable likelihood that any of

his claims [would] succeed on the merits at an evidentiary hearing"

because "the evidence, even in a light most favorable to

[defendant]," indicated that "all of trial counsel's actions

[could] be reasonably viewed as pre-trial tactical decisions."

6
 Defendant filed a pro se motion seeking to aggregate jail credits
from his 2009 conviction and apply the credits to his 2012
conviction. The motion was denied on April 21, 2015.

 8 A-0684-15T4
 Regarding defendant's assertion that his attorneys were

ineffective for failing to challenge the admissibility of his

statement to police, Judge Wild referred to the transcript of the

court proceeding after defendant successfully moved to withdraw

his guilty plea to Indictment No. 09-06-0493 during which his

first plea counsel advised the court:

 Judge, just so the record is clear, . . .
 [p]rior to discussing his plea with him I
 reviewed the discovery with him. . . . And
 in the discovery was a digital recording of
 his statement that he gave the police
 admitting that he was selling prescription
 drugs. . . . And right on that digital
 recording there's a recitation of his Miranda7
 rights, which he waived, and gave a voluntary
 statement, and it was that type of evidence
 that I discussed with him . . . [w]hich
 ultimately led to his decision to enter a
 guilty plea.

Evaluating defendant's claims under Strickland v. Washington, 466

U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), Judge Wild

concluded that plea counsel "did adequately consider a [Miranda]

motion and in his professional judgment believed it would be

without merit. . . . Therefore, not even the first prong is

satisfied in regard to the failure to file a [Miranda] motion[.]"

7
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 9 A-0684-15T4
 Regarding the filing of a motion to suppress the CDS, Judge

Wild noted that "[e]ven after raising issues regarding the search

and claiming that Detective Lambert was crooked, which was well

after his initial guilty plea, defendant then pled guilty again

to the same charge after his amended plea agreement." The judge

explained:

 When counsel fails to file a suppression
 motion the defendant not only must satisfy
 both parts of Strickland, but must also prove
 that his Fourth Amendment claim was
 meritorious, and the [c]ourt does not find
 that there is such . . . proof here in this
 case.

 Certification[s] from [defendant] and
 [his girlfriend] contest[] the facts in the
 police report. [Defendant]'s extensive
 criminal history would have given him great
 exposure to an extended prison sentence on all
 his charges had he gone to trial and been found
 guilty. It was completely reasonable for
 counsel to advise his client to take a plea
 deal. Considering that the search was
 authorized by a signed consent form, the
 motion to suppress would likely have been
 denied and, as a result, [defendant] would be
 in a weak position at trial. It further
 appears that [defendant]'s motion to suppress
 would not be successful. His only evidence
 is some record-keeping errors on the part of
 Detective Lambert. This is not evidence that
 Detective Lambert would do something so
 improper and inappropriate as to force a
 person to sign a consent form.

 It was also not incumbent upon counsel
 to investigate these issues as counsel was not
 in . . . possession at that time of anything
 that could possibly suggest that Detective

 10 A-0684-15T4
 Lambert forced [defendant's girlfriend] into
 signing that consent form. The actions of
 counsel were not deficient based upon the
 standard for deficiency set forth in
 Strickland, and petitioner fails to break the
 strong presumption under the case law that
 trial counsel provided the appropriate legal
 assistance.

 The court also rejected defendant's claim that "he was cajoled

into taking a plea[.]" The court reviewed the transcripts of the

respective plea hearings during which both trial judges "went over

the plea forms with [defendant] in a very detailed fashion, and

[defendant] . . . indicated in his responses" that he "knew his

plea deal" and was pleading guilty "voluntarily, knowingly, and

intelligently." The court noted:

 In both instances, the initial plea and
 the plea after the amended sentence,
 [defendant] indicated that he was not coerced
 in any way to making a guilty plea.
 [Defendant] again sets forth no evidence here
 to support his claim now that he was cajoled.
 It's highly unlikely that he was cajoled once,
 let alone twice. The second plea indicates
 that he was not cajoled in the first plea, but
 rather that he knew the seriousness of the
 charges he was facing and the sentence he
 would receive given his record. Again,
 counsel's advice to enter the plea deal was
 soundly reasonable considering the evidence
 against the [defendant] and the time he would
 have spent incarcerated had he gone to trial
 and been found guilty.

 The court rejected defendant's contention that "his is a case

where trial errors were so egregious the [c]ourt should presume

 11 A-0684-15T4
prejudice," concluding instead that defendant had "not set forth

any . . . arguments that would qualify as being a complete denial

of representation" and had "not set forth any argument that trial

counsel committed . . . errors which our court[s] have already

established presume prejudice." The court explained "this is not

a case where prejudice can be presumed. The traditional two-prong

Strickland/Fritz8 test is appropriate, and since the [defendant]

was not successful in any of his arguments under [the]

Strickland/Fritz test, . . . [defendant]'s PCR will be denied."

The court issued a memorializing order on July 8, 2015. This

appeal followed.

 Defendant raises the following arguments for our

consideration:

 POINT I. THE PCR COURT'S ORDER THAT DENIED
 DEFENDANT'S PETITION FOR POST-CONVICTION
 RELIEF MUST BE REVERSED BECAUSE DEFENDANT
 CLEARLY RECEIVED INEFFECTIVE ASSISTANCE OF
 COUNSEL IN THE PROCEEDINGS BELOW.

 A. DEFENSE COUNSEL FAILED TO FILE
 MERITORIOUS PRE-TRIAL MOTIONS.

 . . . .

 B. ORIGINAL AND SUBSEQUENT PLEA
 COUNSELS FAILED TO INVESTIGATE AND
 DISCOVER DETECTIVE LAMBERT'S
 HISTORY OF MISCONDUCT BEFORE URGING
 DEFENDANT TO PLEAD GUILTY.

8
 State v. Fritz, 105 N.J. 42 (1987).

 12 A-0684-15T4
 C. DEFENDANT'S SECOND PLEA COUNSEL
 FAILED TO DISCLOSE CRITICAL
 INFORMATION TO THE DEFENDANT PRIOR
 TO THE TIME DEFENDANT PLED GUILTY.

 POINT II. THE PCR COURT ABUSED ITS DISCRETION
 WHEN IT DENIED DEFENDANT'S REQUEST FOR AN
 EVIDENTIARY HEARING BECAUSE DEFENDANT
 ESTABLISHED A PRIMA FACIE CASE FOR INEFFECTIVE
 ASSISTANCE OF COUNSEL.

 We review the PCR court's findings of fact under a clear

error standard, and conclusions of law under a de novo standard.

See State v. Harris, 181 N.J. 391, 420-21 (2004), cert. denied,

545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). Where

the PCR court's findings of fact are based on "live witness

testimony" we review such findings to determine whether they are

supported by sufficient credible evidence in the record. State

v. Nash, 212 N.J. 518, 540 (2013). However, where, as in this

case, "no evidentiary hearing has been held, we 'may exercise de

novo review over the factual inferences drawn from the documentary

record by the [PCR judge].'" State v. Reevey, 417 N.J. Super.

134, 146-47 (App. Div. 2010) (quoting Harris, supra, 181 N.J. at

421), certif. denied, 206 N.J. 64 (2011). While "[a]ssessing

[ineffective assistance of counsel] claims involves matters of

fact, . . . the ultimate determination is one of law[.]" Harris,

supra, 181 N.J. at 419.

 13 A-0684-15T4
 On appeal, defendant reiterates the arguments rejected by

Judge Wild. Defendant argues that his attorney was ineffective

for failing to file "a motion to suppress the evidence obtained

after an illegal search of [his girlfriend's] apartment" on the

ground that "Det. Lambert conducted an illegal search of the

premises and later forced [his girlfriend] to sign a consent form."

Defendant also argues that his attorney was ineffective for failing

to file "a pre-trial motion to exclude his incriminating

statements" on the ground that Detective Lambert "subjected him

to custodial interrogation without a Miranda warning" and his

intoxicated state raised "doubts as to whether he gave a voluntary

statement or if he voluntarily waived his Miranda rights."

According to defendant, because "Det. Lambert lacked credibility,"

he would have prevailed on the motions.

 In addition, defendant argues that his first plea counsel was

ineffective for failing to investigate Detective Lambert's history

of misconduct to aid in mounting a defense, and his second plea

counsel was ineffective for failing to "inform him that Det.

Lambert [had been] fired by the police department[,]" thus

undermining the efficacy of his guilty plea. Defendant asserts

that his "factual allegations and legal arguments raised a prima

facie case of ineffective assistance of trial counsel and

therefore," Judge Wild erred in denying an evidentiary hearing "to

 14 A-0684-15T4
develop his claims[.]" We disagree and affirm substantially for

the reasons set forth by Judge Wild in her well-reasoned opinion.

We add only the following brief comments.

 The mere raising of a claim for PCR does not entitle the

defendant to an evidentiary hearing. State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Rather, trial courts should grant evidentiary hearings only if the

defendant has presented a prima facie claim of ineffective

assistance, material issues of disputed fact lie outside the

record, and resolution of the issues necessitate a hearing. R.

3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013), certif.

denied, 228 N.J. 502 (2017). "Rule 3:22-10 recognizes judicial

discretion to conduct such hearings." State v. Preciose, 129 N.J.

451, 462 (1992).

 A PCR court deciding whether to grant an evidentiary hearing

"should view the facts in the light most favorable to a defendant

to determine whether a defendant has established a prima facie

claim." Id. at 462-63. "To establish a prima facie claim of

ineffective assistance of counsel, a defendant must demonstrate

the reasonable likelihood of succeeding under the test set forth

in [Strickland v. Washington, supra, 466 U.S. at 694, 104 S. Ct.

at 2068, 80 L. Ed. 2d at 698], and United States v. Cronic, 466

U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), which [our

 15 A-0684-15T4
Supreme Court] adopted in State v. Fritz, [supra, 105 N.J. at

58]." Id. at 463.

 Under the Strickland standard, a defendant must make a two-

part showing. A defendant must show that trial counsel's

performance was both deficient and prejudicial. State v. Martini,

160 N.J. 248, 264 (1999). The performance of counsel is

"deficient" if it falls "below an objective standard of

reasonableness" measured by "prevailing professional norms."

Strickland, supra, 466 U.S. at 687-88, 104 S. Ct. at 2064-65, 80

L. Ed. 2d at 693-94. This standard of "reasonable competence[,]"

Fritz, supra, 105 N.J. at 60, "does not require the best of

attorneys[.]" State v. Davis, 116 N.J. 341, 351 (1989).

 A defendant must also show that the deficient performance

prejudiced the defense. Under this prong, to set aside a guilty

plea based on ineffective assistance of counsel, defendant must

establish "'that there is a reasonable probability that, but for

counsel's errors, [the defendant] would not have pled guilty and

would have insisted on going to trial.'" State v. DiFrisco, 137

N.J. 434, 457 (1994) (quoting Hill v. Lockhart, 474 U.S. 52, 59,

106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210 (1985)), cert. denied,

497 U.S. 1011, 110 S. Ct. 3258, 111 L. Ed. 2d 767 (1990). However,

to obtain relief, a defendant "'must convince the court that a

decision to reject the plea bargain would have been rational under

 16 A-0684-15T4
the circumstances.'" State v. O'Donnell, 435 N.J. Super. 351, 371

(App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372,

130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284, 297 (2010)).

 "Unless a defendant makes both showings, it cannot be said

that the conviction . . . resulted from a breakdown in the

adversary process that renders the result unreliable." Fritz,

supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 687,

104 S. Ct. at 2064, 80 L. Ed. 2d at 693). Defendant bears the

burden of proving both prongs of an ineffective assistance of

counsel claim by a preponderance of the evidence. State v. Gaitan,

209 N.J. 339, 350 (2012), cert. denied, 568 U.S. 1192, 133 S. Ct.

1454, 185 L. Ed. 2d 361 (2013). Only in circumstances involving

"the complete denial of the right to counsel altogether, actual

or constructive[,]" can prejudice be presumed and the presumption

of ineffectiveness is warranted. Fritz, supra, 105 N.J. at 53.

 Where a defendant asserts his attorney was ineffective for

failing to file a motion, he must establish that the motion is

meritorious. State v. Goodwin, 173 N.J. 583, 597 (2002). "It is

not ineffective assistance of counsel for defense counsel not to

file a meritless motion[.]" State v. O'Neal, 190 N.J. 601, 619

(2007). "'[W]hen a petitioner claims his trial attorney

inadequately investigated his case, he must assert the facts that

an investigation would have revealed, supported by affidavits or

 17 A-0684-15T4
certifications based on the personal knowledge of the affiant or

the person making the certification.'" Porter, supra, 216 N.J.

at 353 (quoting Cummings, supra, 321 N.J. Super. at 170).

 Applying these principles, we are persuaded that Judge Wild

properly declined to conduct an evidentiary hearing and properly

denied defendant's petition for PCR. Defendant's challenge to the

effectiveness of his first plea counsel is specious because

defendant successfully withdrew his guilty plea after Indictment

No. 09-10-0798 was dismissed. Defendant's challenge to the

effectiveness of his second plea counsel is equally unavailing

because his entry of a guilty plea after he prevailed on his

withdrawal motion obviates a showing of prejudice. We do remand,

however, for resentencing on Indictment No. 09-06-0493 because a

two-year sentence of imprisonment is an illegal sentence as the

minimum sentence for a third-degree crime is three years. See

N.J.S.A. 2C:43-6(a)(3).

 Affirmed, except for a limited remand for resentencing in

conformity with this opinion. We do not retain jurisdiction.

 18 A-0684-15T4